**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,            )<br>                                                                 )<br>                            Plaintiff,            )<br>                                                                 )<br>                                                                 )<br>              vs.                                               )<br>                                                                 )<br>                                                                 )<br>                                                                 )<br>AMG SERVICES, INC., *et al.*,                 )<br>                                                                 )<br>                            Defendants.        ) | Case Nos.: 2:12-cv-00536-GMN-VCF<br>                   2:18-cv-01813-GMN-DJA<br>                   2:18-cv-02281-GMN-VCF<br>                   2:17-cv-02966-GMN-NJK<br>                   2:17-cv-02967-GMN-BNW<br>                   2:17-cv-02968-GMN-NJK<br>                   2:17-cv-02969-GMN-DJA<br><br>**ORDER** |

Pending before the Court is court-appointed monitor Thomas W. McNamara's ("the Monitor's") Motion to Extend Time for Completion Deadline for Monitor, (ECF No. 1315). Plaintiff Federal Trade Commission ("FTC") and Defendants AMG Services, Inc., *et al*. ("AMG Services") filed Responses, (ECF Nos. 1319, 1320).

For good cause appearing, the Court grants the Monitor's Motion to Extend Time for Completion Deadline for Monitor. The Monitor asserts that despite the Supreme Court's decision in *AMG Capital Management, LLC v. Federal Trade Commission*, 593 U.S. ___ (2021), his appointment has not been invalidated because his authority "derives from the inherent power of a court of equity to fashion effective relief," rather than from the FTC's authority to pursue monetary remedies under Section 13(b) of the FTC Act. (Mot. Extend Time 2:13–25, ECF No. 1315); (Mot. Status Conference 2:12–24, ECF No. 1308). In contrast, AMG argues that because the Supreme Court found that "§ 13(b) does not 'authorize[] the Commission to seek, [or] a court to award, equitable monetary relief,'" the monitorship should be terminated. (AMG Services' Resp. 3:6–7, 4:10–11, ECF No. 1320). Because there are

unresolved issues regarding the Monitor's authority and the administration of the monitorship estate, it is premature to terminate the monitorship at this time. However, the parties shall appear for a status conference on Tuesday, July 13, 2021, at 10:00 a.m. to determine the Monitor's continued authority and the future of the monitorship estate.

Accordingly,

**IT IS HEREBY ORDERED** that the Monitor's Motion to Extend Time for Completion Deadline for Monitor, (ECF No. 1315), is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall appear for a status conference on Tuesday, July 13, 2021, at 10:00 a.m.

**DATED** this __17__ day of June, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court